UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LAS VEGAS CITY SCHOOLS AKA
LAS VEGAS CITY SCHOOLS DISTRICT,

      *Plaintiff,*

  v.

FEDERAL EMERGENCY MANAGEMENT
AGENCY AND DOES 1-20,

      *Defendants.*

No. _____

**COMPLAINT**

## INTRODUCTION

1.   Plaintiff challenges an aspect of the final administrative rule titled "Hermit's Peak/Calf Canyon Fire Assistance," RIN 1660–AB14, issued by the U.S. Department of Homeland Security, Federal Emergency Management Agency ("FEMA") on August 29, 2023, and published in the Federal Register on August 29, 2023 (hereinafter "Rule").[1]

2.   A portion of the Rule should be set aside because it unlawfully denies Plaintiff's property right of compensation under the Hermit's Peak Fire Assistance Act ("HPFAA") for damage caused by the Hermit's Peak and Calf Canyon Fires in violation of the Administrative Procedure Act and United States Constitution.

3.   Congress established the HPFAA "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire" and "to provide for the expeditious consideration and settlement of claims for those injuries." HPFAA, Pub. L. No. 117-180, § 102(b).

---

[1]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. 59,730 (Aug. 29, 2023) (to be codified at 44 C.F.R. pt. 296).

4.     Under the HPFAA, claimants are entitled to "payment under this Act" for "actual compensatory damages" to be determined "[n]ot later than 180 days after the date on which a claim is submitted under this Act." HPFAA, Pub. L. No. 117-180, §§ 102(b), 104(c)(3).

5.     FEMA's Final Rule denies compensation under the HPFAA for injuries or costs that are eligible under the Public Assistance Program.[2] This is inconsistent with the purpose of the HPFAA to provide expeditious compensation for actual compensatory damages. It also results in an unlawful withholding of Plaintiffs' property right to compensation under the HPFAA as the last day to file a claim under the Act is now December 20, 2024. It is also contrary to the Public Assistance Program, which is a discretionary reimbursement program that will not cover all of Plaintiff's damages.[3]

6.     Plaintiff seeks declaratory, injunctive, equitable, and other appropriate relief against FEMA to preclude it from withholding a constitutional property right by categorically denying compensation to Plaintiffs for actual compensatory damages caused by the Fire.

---

[2]     44 CFR 296.21(f)(2).
[3]     See Robert T. Stafford Disaster and Emergency Assistance Act ("Stafford Act") § 312(c) and Exhibit B FEMA Presentation.

## JURISDICTION & VENUE

7.    This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a United States agency is a defendant.

8.    This Court has jurisdiction under 5 U.S.C. §§ 701–706, and 28 U.S.C. § 2201–2202, because this action is brought by persons adversely affected by agency action, and seeks to right a legal wrong due to agency action as set forth in 5 U.S.C. §§ 701 and 702.

9.    The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and the APA, 5 U.S.C. § 701 *et seq*. The challenged rule is final and reviewable agency action. It marks the consummation of agency decision-making, mandates obligations on Plaintiff, and carries legal consequences. See 5 U.S.C. § 704.

10.    Defendant's issuance of the Rule on August 29, 2023, constitutes a final agency action subject to judicial review under 5 U.S.C. §§ 704 and 706. The challenged rule marks the   consummation of agency decision-making, mandates obligations on Plaintiff, and carries legal consequences. See 5 U.S.C. § 704. And the Rule shows an

actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). Accordingly, this Court has jurisdiction to grant declaratory relief, injunctive relief, equitable estoppel, and/or other relief pursuant to 5 U.S.C. §§ 701–706, and 28 U.S.C. §§ 2201–2202.

11.    Venue is proper in this Court under 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1)(B)–(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial district, and/or Plaintiff is located in this judicial district.

**PARTIES**

12.    Plaintiff LAS VEGAS CITY SCHOOLS AKA LAS VEGAS CITY SCHOOLS DISTRICT is a is a public school district located in Northern New Mexico. The Hermit's Peak/Calf Canyon Fire damaged several school buildings, structures, other infrastructure, contents, vegetation, landscaping, flooding, erosion, disrupted educational services, and increased operating expenses.  As a direct and proximate result of the Fire, Las Vegas City Schools aka Las Vegas City Schools District has suffered and continues to suffer significant damages and interference with its ability to provide education and public services. Las Vegas City

Schools aka Las Vegas City Schools District submitted a Notice of Loss

pursuant to the HPFAA, which is attached hereto as Exhibit "A".

13.    Defendant FEMA is an executive agency of the United

States government, and bears responsibility in whole or part for the

acts or omissions complained of in this complaint, including

promulgating the Rule. Under the HPFAA, FEMA is directed to receive,

process, and pay claims in accordance with the HPFAA.[4]

**BACKGROUND**

**1.    The federal government enacted the HPFAA to compensate victims of the Hermit's Peak Fire.**

14.    On April 6, 2022, the U.S. Forest Service initiated a

prescribed burn on federal land in the Santa Fe National Forest in San

Miguel County, New Mexico. The prescribed burn got out of control,

resulting in a wildfire that spread to adjacent, non-federal land, and

merged with another fire.[5] The fire, known as the Hermit's Peak/Calf

Canyon Fire, is the largest fire in New Mexico history. It forced

thousands of residents to evacuate and ultimately destroyed 903

---

[4]    *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).

[5]    *Id.*, § 102(a)(1)–(4), 136 Stat. at 2168.

structures, including several hundred homes, and burned 341,471 acres of land, trees, and vegetation.

15.    The President declared the Hermit's Peak Fire "a major disaster," and Congress found that it forced evacuations of, damaged, or destroyed state, local, tribal, and private property in Colfax, Mora, and San Miguel counties in New Mexico.[6]

16.    Congress determined that "the United States should compensate the victims of the Hermit's Peak Fire."[7]

17.    On September 30, 2022, Congress enacted—and the President signed—the HPFAA.[8]

18.    The HPFAA has two stated purposes, one is "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire" and two is "to provide for the expeditious consideration and settlement of claims."[9]

---

[6]    *Id.*, § 102(a)(5)–(6), (9), 136 Stat. at 2168–69.

[7]    *Id.*, § 102(a)(10), 136 Stat. at 2169.

[8]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,731.

[9]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).

19.    The HPFAA also provides for an election of remedies, which permits Plaintiff to seek compensation from the United States for injuries caused by the Fire by [1] submitting a claim under this Act; [2] filing a claim or bringing a civil action under the Federal Tort Claims Act, or [3] bringing an authorized civil action under any other provision of law.[10]

20.    Congress allocated $3.95 billion to compensate victims of the Hermit's Peak Fire under the HPFAA.[11]

21.    The last day to submit a Notice of Loss under the Act is now December 20, 2024 and a Proof of Loss must be filed 150 days after that.[12]

---

[10]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(h)(1), 136 Stat. 2168, 2174 (2022).

[11]    FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concerns%20from%20the%20community.

[12]    44 CFR §§ 296.11, 296.30.

**2.    The HPFAA provides mandatory expedited compensation.**

22.    The HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[13]

23.    The HPFAA designated FEMA as the administrator of claims under the Act. To that end, the HPFAA directed FEMA to establish a "Claims Office" to "receive, process, and pay claims in accordance with this Act."[14]

24.    In determining and settling a claim under the HFPAA, the Administrator shall determine only: [1] whether the claimant is an injured person; [2] whether the injury that is the subject of the claim resulted from the Fire; [3] whether the person or persons are otherwise eligible to receive payment; and [4] whether sufficient funds are available for payment and if so, the amount, if any to be allowed and paid under the HFPAA.[15]

25.    In accordance with providing expedited compensation for damages, the HPFAA expressly mandates that "[n]ot later than 180

---

[13]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

[14]    *Id.*

[15]    *Id.*

days after the date on which a claim is submitted under this Act, the

Administrator shall determine and fix the amount, if any, to be paid for

the claim."[16]

### 3.    FEMA's final rule denies claimants their right to mandatory expedited compensation.

26.    The HPFAA directed FEMA to administrate claims under

the Act, and to "publish in the Federal Register … regulations for the

processing and payment of claims under this Act."[17]

27.    On August 29, 2023, FEMA published its "Final rule"—i.e.,

the Rule—in the Federal Register.[18]

28.    The Rule unequivocally states that, persons "eligible for

disaster assistance under FEMA's Public Assistance Program are

expected to apply for all available assistance" and as a categorical

---

[16]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2171 (2022), italics added.

[17]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 103(a)(1), 136 Stat. 2168, 2169 (2022); *id.*, § 104(f)(1), 136 Stat. at 2173.

[18]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. 59,730.

matter, "[c]ompensation will not be awarded under the Act for injuries or costs that are eligible under the Public Assistance Program."[19]

29.    But nothing in the HPFAA indicates that a Plaintiff is required to first submit a claim through the Public Assistance Program before submitting a claim through the HPFAA or that categories of damages that may qualify for public assistance are categorically excluded from the damages recoverable under the HPFAA.

30.    To the contrary, the HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[20]

31.    Unlike the HPFAA's mandatory compensation of damages, the Stafford Act for public assistance is a discretionary reimbursement program.

32.    The Stafford Act likewise does not have mandated expedited timeframes for payment of compensation. Rather, it has different, additional, and more stringent standards, procedures, and processes.

---

[19]    44 CFR 296.21(f)(2).

[20]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

11

Specifically, FEMA established seven phases for public assistance that require several additional requirements not included in the HPFAA. These additional requirements include compliance reviews, quarterly progress reports, audits, and project completion certifications. These additional requirements can take years to complete. Plaintiff is informed and believes that FEMA is still processing and paying public assistance for losses incurred during Hurricane Katrina in 2005.

33.    Recent reports reveal FEMA has run out of disaster relief funding for the second year in a row.[21] As a result FEMA implemented its Immediate Needs Funding guidance meaning they will direct funds only to immediate, life-saving recovery efforts and have paused new public assistance and hazard mitigation.[22]

34.    Plaintiff does not have years to wait on public assistance before filing a claim under the HPFAA because the HPFAA is limited in time and funding. FEMA's Final Rule provides that the deadline to file

---

[21]    NBC New York, "FEMA has run out of money in the middle of hurricane season. Here's what that means" (Aug. 15, 2024) found at: https://www.nbcnewyork.com/news/national-international/fema-disaster-relief-funding-2024-hurricane-season/5708864/#:~:text=The%20Federal%20Emergency%20Management%20Agency%20(FEMA)%20has%20run

[22]    *Ibid.*

a Notice of Loss is December 20, 2024.[23] FEMA's Final Rule creates a

situation where Plaintiff will lose its opportunity to receive

compensation under the HPFAA.

35.    In addition, The Stafford Act is limited in the assistance it

provides and Plaintiff will not be eligible for public assistance for all its

damages.[24]

36.    Accordingly, contrary to the plain text and stated aim of the

HPFAA, the Rule unlawfully denies claimants expeditious

compensation for damages by [1] requiring Plaintiff to first apply for

public assistance through the Stafford Act, which will result in Plaintiff

missing the deadline to file a Notice of Loss under the HPFAA and [2]

refusing to compensate Plaintiff for damages that may be eligible under

the Public Assistance Program.

37.    As such, the Rule results in [1] unlawfully delaying

Plaintiff's right to compensation under the HPFAA and [2] unlawfully

denying compensation under the HPFAA by causing Plaintiff to miss

---

[23]    44 CFR 296.11
[24]    See Stafford Act generally.

13

the deadline by applying for public assistance before filing a claim

under the HPFAA.

## COUNT I
### (Violation of APA; 5 U.S.C. § 706—Contrary to Law)

38.     All foregoing paragraphs of this Complaint are realleged and

incorporated herein by reference.

39.     The APA requires courts to "hold unlawful and set aside"

agency action that is "not in accordance with law."[25]

40.     FEMA is an "agency" under the APA.[26]

41.     The Rule constitutes "[a]gency action made reviewable by

statute and final agency action for which there is no other adequate

remedy in a court."[27]

42.     The Rule is not in accordance with, and is contrary, to the

law because the HPFAA entitles Plaintiff to actual compensatory

damages to be paid within 180 days after submitting a claim, and the

Rule [1] requires Plaintiff to first apply for public assistance and [2]

categorically refuses to award damages that are eligible under the

---

[25]     5 U.S.C. § 706(2)(A).
[26]     5 U.S.C. § 551(1).
[27]     5 U.S.C. §§ 551(4), (13), 704.

Public Assistance Program, even though Plaintiff will be denied public assistance for several items of damage because public assistance is discretionary and limited.

43.    FEMA's contrary interpretation of the law is unsupported by any authority. Indeed, it is contrary to the plain text and stated aim of the HPFAA and FEMA's own Public Assistance Program under the Stafford Act.

44.    The Rule harms Plaintiff by depriving it of compensation to which it is entitled under the HPFAA.

45.    By promulgating the Rule, FEMA has acted contrary to law, and is thus in violation of the APA. The Rule is therefore invalid and should be set aside.

## COUNT II
## (Violation of APA; 5 U.S.C. § 706—Contrary to Constitutional Right)

46.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

47.    The APA requires courts to "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside"

agency action that is "contrary to constitutional right, power, privilege, or immunity."[28]

48.    FEMA is an "agency" under the APA.[29]

49.    The Rule constitutes "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."[30]

50.    The Rule is not in accordance with, and is contrary, to Plaintiff's Constitutional right to property. The HPFAA entitles Plaintiff actual compensatory damages to be paid within 180 days after submitting a claim, which confers a property right to Plaintiff under the Constitution. But the Rule improperly withholds Plaintiff's right to property in that [1] requires Plaintiff to first apply for public assistance, which will cause Plaintiff to miss the deadline to file a claim under the HPFAA and [2] categorically refuses to award damages that are eligible under the Public Assistance Program, even though Plaintiff will be

---

[28]    5 U.S.C. § 706(2)(B).

[29]    5 U.S.C. § 551(1).

[30]    5 U.S.C. §§ 551(4), (13), 704.

denied public assistance for much of its damages because of the discretionary and limited nature of public assistance.

51.    FEMA's refusal to provide compensation in accordance with the HPFAA is unsupported by any authority. Indeed, it is contrary to the plain text and stated aim of the HPFAA and FEMA's own Public Assistance Program under the Stafford Act.

52.    The Rule harms Plaintiff by depriving it of its property right to compensation under the HPFAA.

53.    By promulgating the Rule, FEMA has acted contrary to Plaintiff's constitutional right, and is thus in violation of the APA. The Rule is therefore invalid and should be set aside.

## COUNT III
## (Violation of APA; 5 U.S.C. § 706—Exceeded Statutory Authority)

54.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

55.    The APA requires courts to "hold unlawful and set aside" agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."[31]

---

[31]    5 U.S.C. § 706(2)(C).

56.     The Rule is in excess of FEMA's statutory jurisdiction, authority, and limitations: The HPFAA requires FEMA to award claimants compensation for damages caused by the Fire, and Congress allocated funds for that purpose. By withholding or excluding compensation for all damages, when only some damages may be eligible for public assistance, the Rule exceeds FEMA's statutory authority and infringes on Congress's power to enact legislation and allocate funds for designated purposes.

57.     By promulgating the Rule, FEMA has acted in excess of its statutory jurisdiction, authority, and limitations under the HPFAA. The Rule is therefore invalid and should be set aside.

COUNT IV
**(Violation of APA; 5 U.S.C. § 706—Arbitrary, Capricious, and Abuse of Discretion)**

58.     All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

59.     The APA requires courts to "hold unlawful and set aside" agency action that is "arbitrary," "capricious," or an "abuse of discretion."[32]

60.     The Rule is arbitrary, capricious, and an abuse of discretion: FEMA offers no reasoned explanation for misconstruing and ignoring the plain text and stated aim of the HPFAA, as well as the Stafford Act. FEMA offers no substantial justification for refusing to award Plaintiff expedited compensation for its damages in accordance with the HPFAA and with the funds Congress deliberately allocated for damages caused by the Fire beyond its own patently erroneous interpretation of the HPFAA and the Stafford Act. FEMA failed to consider the impact of its requirement that Plaintiff first apply for public assistance and its

---

[32]     5 U.S.C. § 706(2)(A).

refusal to provide compensation for categories of damages that may be available under the Stafford Act.

61.    FEMA's arbitrary and capricious abuse of discretion harms Plaintiff and other similarly situated Hermit's Peak Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

62.    By promulgating the Rule, without a proper factual or legal basis, Defendants have acted arbitrarily and capriciously, have abused their discretion, have otherwise acted not in accordance with law, and have taken unlawful action in violation of the APA. The Rule is therefore unlawful and should be set aside as arbitrary and capricious under 5 U.S.C. § 706(2)(A).

## COUNT V
### (Equitable Estoppel)

63.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

64.    The HPFAA entitles Plaintiff actual compensatory damages to be paid within 180 days after submitting a claim.

65.    The HPFAA also provides for an election of remedies, which permits Plaintiff to seek compensation from the United States for

injuries caused by the Fire by [1] submitting a claim under this Act; [2] filing a claim or bringing a civil action under the Federal Tort Claims Act, or [3] bringing an authorized civil action under any other provision of law.

66.    Nothing the HPFAA requires, or provides, that a claimant must first apply for public assistance before submitting a claim under the HPFAA or electing remedies for damages caused by the Fire.

67.    Equitable estoppel is a federal common law cause of action invoked to avoid injustice in particular cases. *Heckler v. Cmty Servs. Of Crawford County, Inc.*, 467 U.S. 51, 59 (1984).

68.    It would be unjust to require Plaintiff and other claimants to first seek public assistance before submitting claims for compensation under the HPFAA.

## PRAYER FOR RELIEF

Wherefore Plaintiff respectfully requests that this Court:

1.    Issue a declaratory judgment that the Rule is arbitrary and capricious and/or not in accordance with law insofar as it requires Plaintiff and other claimants to first apply for public assistance before submitting a claim under the

HPFAA and that Defendants acted in excess of statutory authority in promulgating the Rule;

2.   Issue a declaratory judgment that the Rule is arbitrary and capricious and/or not in accordance with law insofar as it denies Plaintiff and other claimants compensation mandated under the HPFAA and that Defendants acted in excess of statutory authority in promulgating the Rule;

3.   Issue an order vacating and setting aside the portion of the Rule that requires Plaintiff and other claimants to first apply for public assistance before submitting a claim under the HPFAA and denies compensation for damages potentially available through public assistance;

4.   Issue an order enjoining Defendants from requiring Plaintiff to first apply for public assistance before issuing payment for damages under the HPFAA;

5.   Issue an order enjoining Defendants from categorically withholding, denying, or refusing to award damages that may be provided through public assistance;

6.   Award Plaintiffs costs and reasonable attorney's fees; and

7.    Grant such other relief as the Court deems just and proper.


Dated: October 4, 2024          Respectfully submitted:
                                SINGLETON SCHREIBER, LLP

                                */s/ Brian S. Colón*
                                Brian S. Colón
                                Jacob Payne
                                Robert Sanchez
                                Jesse Gallegos
                                SINGLETON SCHREIBER LLP
                                6501 Americas Pkwy. NE, Ste. 670
                                Albuquerque, NM 87110
                                (505) 587-3473
                                *bcolon@singletonschreiber.com*
                                *jpayne@singletonschreiber.com*
                                *rsanchez@singletonschreiber.com*
                                *jgallegos@singletonschreiber.com*


                                Gerald B. Singleton
                                Benjamin I. Siminou
                                Jonna Lothyan
                                SINGLETON SCHREIBER LLP
                                591 Camino de la Reina, Ste 1025
                                San Diego, CA 92108
                                (619) 704-3288
                                *gsingleton@singletonschreiber.com*
                                *bsiminou@singletonschreiber.com*
                                *jlothyan@singletonschreiber.com*